UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JAMIE PATRICK EDGTTON,

    Plaintiff,

v.

ALBANY POLICE DEPARTMENT;
BLAKE J. MILLER; LASHAUN EMILE;
BUCK PEARCE; COREY TURNBULL;
BRET ADAMS; OFFICER JON DOE,

    Defendants.

Case No. 6:24-cv-01693-MTK

**OPINION AND ORDER**

KAUBHAI, District Judge.

    Plaintiff, a self-represented adult in custody (AIC) at the Linn County Jail, filed this civil rights action pursuant to 42 U.S.C. § 1983 and alleged that City of Albany police officers used excessive force against him and conducted an unlawful arrest and search of his belongings. Defendants now move to dismiss this action on grounds that Plaintiff fails to state a viable claim for excessive force and his remaining claims are barred under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). For the reasons explained below, Defendants' motion is granted on one of Plaintiff's state law claims and this action is stayed pending the outcome of Plaintiff's state criminal proceedings.

- 1 -    **OPINION AND ORDER**

## DISCUSSION

Plaintiff alleges that on April 26, 2024, he was walking on the balcony of a motel when City of Albany police officers approached and surrounded him, apparently to execute a warrant for Plaintiff's arrest. Plaintiff alleges that Officer Arthur[1] released a police canine on him without provocation and that Officer Miller and others tackled him, wrenching his head upward. Am. Compl. at 2-3. After his arrest, Plaintiff claims that officers unlawfully searched his person and backpack and seized a firearm, cash, and other personal items. *Id.* at 4-5. Plaintiff contends that law enforcement officials then filed "trumped up" charges against him, including Attempted Murder, Felon in Possession of a Firearm, Resisting Arrest, Theft, and the Possession and Distribution of Methamphetamine. *Id.* at 7; *see* Case No. 24CR22150 (filed in Linn County Circuit Court). According to the state court record, Plaintiff's criminal trial is scheduled to begin in March 2026.

Plaintiff alleges that Defendants used excessive force against him and violated his rights against unreasonable searches and seizures under the Fourth Amendment. Plaintiff also alleges state law claims of false arrest, malicious prosecution, assault, negligence, and intentional infliction of emotional distress (IIED). Defendants move to dismiss Plaintiff's claims, arguing that Plaintiff's allegations fail to show the unreasonable use of excessive force and his claims alleging unlawful arrest and searches implicate the validity of his criminal charges and are barred by the *Heck* doctrine.

---

[1] Plaintiff did not name Officer Arthur as a Defendant in this action. Instead, Plaintiff filed a separate cause of action against Officers Arthur and Pearce and alleged claims of excessive force arising from the release of the police canine and the dog bites Plaintiff allegedly suffered as a result. *See Edgtton v. City of Albany*, Case No. 6:24-cv-01839-MTK. The Court will issue a stay in that case as well.

Under Federal Rule of Civil Procedure 12(b)(6), a complaint is construed in favor of the plaintiff and its factual allegations are taken as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, the court need not accept as true "conclusory" allegations, unwarranted deductions of fact, or unreasonable inferences. *Id.* "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court must construe the pleadings of self-represented litigants liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). Dismissal of a complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, a self-represented "litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

A. Failure to State a Claim

Defendants argue that Plaintiff's allegations do not establish the unlawful use of force and instead reflect that Defendants acted reasonably during the course of Plaintiff's arrest.

Allegations of excessive force are analyzed under the Fourth Amendment's prohibition against unreasonable seizures. *Graham v. Connor,* 490 U.S. 386, 394 (1989); *Deorle v. Rutherford,* 272 F.3d 1272, 1279 (9th Cir. 2001). "The Fourth Amendment requires police

- 3 -   **OPINION AND ORDER**

officers making an arrest to use only an amount of force that is objectively reasonable in light of the circumstances facing them." *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007). "Determining whether the force used to affect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)). Courts must consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* Ultimately, the issue is whether the totality of the circumstances justified the amount of force used. *See id; County of Los Angeles v. Mendez*, 581 U.S. 420, 428 (2017).

Defendants rely on statements in Plaintiff's Complaint suggesting that he had outstanding warrants for his arrest and was brandishing a firearm, particularly the allegation that, "As body cam evidence will clearly show after review, Plaintiff was very authoritative, forceful, and coercive with his tone and his firearm drawn." Am. Compl. at 3. Defendants argue that this allegation reflects that Plaintiff arguably posed a danger to officers and motel patrons and that officers acted reasonably by releasing a police canine on him and tackling him. Defendants further contend that the Court may take judicial notice of Plaintiff's arrest warrant and find that it provided Defendants with probable cause to believe Plaintiff was armed and potentially dangerous.

In response, Plaintiff maintains that he made a "clerical error" and meant to allege that Officer Miller was acting forceful, authoritative, and had drawn his police firearm when

- 4 -   **OPINION AND ORDER**

encountering Plaintiff on the balcony.[2] Plaintiff disputes that he was brandishing a firearm and claims that officers discovered a firearm in his pocket only after they arrested him.

Plaintiff's explanation of a clerical error is reasonable. Plaintiff was describing his initial encounter with Officer Miller when alleging that he was "authoritative, forceful, and coercive with his tone and his firearm drawn," and the context of Plaintiff's allegations are consistent with his explanation. Plaintiff's Complaint alleges that he was simply walking on the motel balcony wearing his motorcycle helmet when Officer Miller approached him, and that he was not resisting arrest when officers released the police canine, knelt and "piled on" his back, and yanked his head upward. Am. Compl. at 3. Plaintiff also alleges that he was in such severe pain that he told officers to "kill him." *Id.* at 4. Accepting Plaintiff's factual allegations as true and construing all reasonable inferences in his favor, Plaintiff's allegations plausibly suggest that Defendants' use of force was unreasonable.

I am not persuaded otherwise by Defendants' argument regarding the existence of an arrest warrant and Plaintiff's criminal history. The circumstances surrounding Plaintiff's arrest – including Defendants' possession of an arrest warrant, their knowledge of Plaintiff's criminal history, Plaintiff's conduct toward Defendants, and the level of force used by Defendants – are critical to the issue of excessive force and cannot be ascertained at the pleading stage. It may well be that Defendants' interpretation of Plaintiff's allegations is accurate and that Defendants used reasonable force under the circumstances. At this stage of the proceedings, however, all

---

[2] Plaintiff provided this explanation in an untimely "reply" to Defendants' motion (ECF No. 29) and Defendants move to strike the reply or for an opportunity to respond to it. Given Plaintiff's self-represented status and apparent issues with sending and receiving mail at the Linn County Jail, I am not inclined to strike Plaintiff's reply. Plaintiff's initial response was filed without the benefit of Defendants' motion (ECF No. 23), and his subsequent reply addressed the substance of Defendants' arguments. I further find that additional briefing is not necessary.

inference must be construed in favor of Plaintiff, not against him, and his allegations sufficiently state a claim for excessive force.

Defendants also move for the dismissal of Plaintiff's state law claims alleging negligence, assault and battery, and IIED. Plaintiff's claims of assault and battery and negligence are intertwined with his claim of excessive force and, for the reasons explained above, are arguably sufficient at the pleading stage. *Cf. Cable v. City of Phoenix*, 647 Fed. App'x 780, 783 (9th Cir. April 7, 2016) (finding that a genuine dispute of material fact "as to the amount of force used and the reasonableness of that force" precluded summary judgment on the plaintiff's state law claims of assault and battery and negligence). However, I agree that Plaintiff's allegations do not support a claim of IIED.

Plaintiff asserts an IIED claim arising from Officer Miller's alleged intimidating presence and his "malicious" look when Plaintiff was booked into jail. Am. Compl. at 5. These allegations do not plausibly suggest that Officer Miller "engaged in outrageous conduct, i.e., conduct extraordinarily beyond the bounds of socially tolerable behavior." *House v. Hicks*, 218 Or. App. 348, 357 (2008). Accordingly, Plaintiff's IIED claim is dismissed.

### B. The *Heck* Doctrine

Plaintiff also challenges the lawfulness of his arrest and the search of his backpack, alleging that Defendants did not have valid cause to detain him and should have obtained a warrant before searching his backpack. Defendants argue that these claims are barred by *Heck v. Humphrey*, because Plaintiff's success on these claims would implicate the validity of the pending criminal charges against him.

Defendants are correct that *Heck* prohibits civil actions for money damages arising from an allegedly unconstitutional conviction unless "the conviction or sentence has been reversed on

direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. However, the *Heck* bar "is called into play only when there exists 'a conviction or sentence that has *not* been ... invalidated,' that is to say, an 'outstanding criminal judgment.'" *Wallace v. Kato*, 549 U.S. 384, 393 (2007) (quoting *Heck*, 512 U.S. at 486). The charges against Plaintiff remain pending and his claims do not challenge an outstanding criminal judgment. Thus, *Heck* does not apply and does not require dismissal of Plaintiff's claims.

Instead, as Defendants themselves acknowledge, when a plaintiff's claims implicate the validity of pending criminal charges, this Court has discretion to stay the action. *See* Def.'s Motion at 11. The Supreme Court has explained:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Wallace*, 549 U.S. at 393-94. "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id.* at 394. I find a stay appropriate in this case.

If Plaintiff is convicted of the charged offenses, his claims alleging an unlawful search and arrest would likely implicate the validity of his convictions and be barred under *Heck*. The interests of judicial economy therefore weigh in favor of a stay, and a relatively short stay will not cause undue prejudice at this stage of the litigation. Moreover, given that Plaintiff is self-represented, the Court is cognizant of the potential implication of his Fifth Amendment rights if he prosecutes this action while his criminal action remains pending. *See Keating v. Off. of Thrift*

- 7 -    **OPINION AND ORDER**

*Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995) (listing factors relevant to issuing a stay, including the implication of a litigant's Fifth Amendment rights, judicial economy, and potential prejudice to the parties). Accordingly, this action is stayed until Plaintiff's criminal charges are resolved.

## CONCLUSION

Defendants' Motion to Dismiss (ECF No. 15) is GRANTED with respect to Plaintiff's claim of IIED and DENIED in all other respects. Defendants' Motion to Strike (ECF No. 30) is DENIED. This action is HEREBY STAYED pending the resolution of Plaintiff's criminal proceedings. Plaintiff shall provide the Court with a status report of his criminal case by April 3, 2026.

IT IS SO ORDERED.

DATED this 23rd day of September 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge